UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO RAMOS RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | No. 1:26-cv-01471-DJC-AC<br><br><br>ORDER |

Petitioner Marcelino Ramos Ramirz is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No.1). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, 2025 WL 3124116, No. 2:25-cv-03174-DJC-CKD (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 1 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Respondents state that "[a]lthough Petitioner was re-detained after a domestic battery arrest, Respondents identify no factual or legal

1

1 issues to distinguish this case from the Court's prior rulings." (ECF No. 7 at 2.) While
2 this arrest does not alter the determination that due process requires a hearing, the
3 Court concludes that due process is satisfied if Petitioner is provided with a post-
4 depravation bond hearing within five days.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-
5 01309-JLT-SKO, 2025 WL 2938808, at *15–16 (E.D. Cal. Oct. 16, 2025).

6     Accordingly, as Respondents have not made any new legal arguments and
7 have not identified any factual or legal issues in this case that would distinguish it from
8 the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for
9 Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated
10 in those prior orders.[1]

11     Within seven (7) days of this Order, Respondents shall afford Petitioner
12 Marcelino Ramos Ramirez a constitutionally adequate bond hearing before an
13 Immigration Judge.  The Government shall bear the burden of establishing, by clear
14 and convincing evidence, that Petitioner poses a danger to the community or risk of
15 flight, and Petitioner shall be allowed to have counsel present.

16     The Clerk of the Court is directed to close this case and enter judgment for
17 Petitioner.  This Order resolves all pending motions.

19     IT IS SO ORDERED.

20 Dated:  **February 27, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2